THE BOULDER INVESTMENT COMPANY, PLAINTIFF IN ER-
ROR, v. FRIES, DEFENDANT IN ERROR.

In the absence of limitation upon the power and discretion which the
  agent may exercise in regard to location, price, terms or time of
  payment in the purchase of real estate, the principal will be bound
  by the contract of the agent, and cannot recover any part of the
  purchase money paid upon the contract.

*Error to the County Court of Arapahoe County.*

Mr. GEORGE H. GRAY, for plaintiff in error.

Mr. LEONIDAS WALKER, for defendant in error.

BISSELL, J., delivered the opinion of the court.

In 1891 The Boulder Investment Company were the own-
ers of the "Newland Addition" to the town of Boulder.
During the month of April of that year the defendant in
error, Lavina Fries, desired to purchase some lots which the
company offered for sale in that addition. Being out of the
state, she corresponded with her friend Mrs. Bixby, and in-
voked her kindly offices to select the lots and make the pur-
chase. There is no dispute concerning the agency, and it is
very plain that whatever was done with reference to the
purchase on behalf of Mrs. Fries was done by Mrs. Bixby.
The whole controversy seems to turn upon the question
whether there were any such limitations on the power of the
agent as would authorize Mrs. Fries to recede from the bar-
gain which was made on her behalf, and to recover the money
paid the company on account of the lots. The terms of the
sale were fifty dollars ($50.00) cash, one hundred and fifty
dollars ($150.00) before the 21st of May, 1891, and the bal-
ance in two notes maturing in six months and a year respec-
tively. The purchase included four lots, 21 to 24 in block
19 ; at least such were the provisions of the contract executed

on behalf of Mrs. Fries by her friend Mrs. Bixby. After this contract was made, considerable correspondence was had between the two ladies, and Mrs. Fries expressed a preference to secure some cheaper lots at three hundred per piece, in place of those contracted for four hundred, on which the payment was made. The company did not seem adverse to the transfer, and readily gave a consent in writing to the substitution of the three hundred dollar lots, providing the option was exercised prior to the 21st day of May. Nothing was done under this consent. Mrs. Fries ultimately refused to take the lots at all, or carry out the contract, and brought this suit to recover the fifty dollars ($50.00) which had been paid as part of the purchase money.

The suit was brought in a justice's court, appealed to the county court, whence it was brought here by the company against whom judgment was rendered. On exactly what theory the courts adjudged her entitled to recover the money, it is impossible to perceive. It is of course true that if the agent exceeded her authority or failed to pursue the instructions given her by the principal with reference to the purchase, and the circumstances were such as to charge the third party with knowledge in respect of these matters, a recovery might possibly be had even in a case like the present. This, however, is not true according to the record. The only instructions which Mrs. Bixby received from her principal were couched in the form of a request to visit the addition, locate and select some lots, and pay the fifty dollars as part of the purchase price when the selection should be made. There was an utter absence of limitations upon the discretion which the agent might exercise, either in regard to location, price, terms or time of payment. The agency was a broad and general one, which gave full discretion to the representative, and whatever might be done by her under those circumstances must undoubtedly be held to bind the principal. There was no attempt made on the trial to show any failure of consideration, any defects in the title, or any other legitimate reason entitling Mrs. Fries to

withdraw from the contract and recover the money. In the absence of some proof of that sort, it must be held that she could not recover the money which she had paid the company. Failing to prove some legal reason authorizing her to rescind the contract, she must be remediless in this form of an action.

The judgment is entirely unsupported by the evidence, and cannot be maintained under the law, and must accordingly be reversed.

..... *Reversed.*